

2008 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

11-17-2008

# George Joseph v. Todd Haskins

Precedential or Non-Precedential: Non-Precedential

Docket No. 08-1767

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2008

Recommended Citation
"George Joseph v. Todd Haskins" (2008). *2008 Decisions.* Paper 221.
http://digitalcommons.law.villanova.edu/thirdcircuit_2008/221

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2008 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

DLD-299                                                    NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 08-1767
_____

GEORGE  JOSEPH,

Appellant

v.

TODD HASKINS,  Medical Director; DR. SPRAGUE;
JEN BIRTCH, Physician's assistant; WENDY JOHNSON,
Nurse Administrator; PRIME CARE MEDICAL;
DAVID KUNHOLD, Warden

_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. Civil No. 06-cv-01999)
District Judge:  Honorable James F. McClure, Jr.

_____

Submitted for Possible Dismissal Pursuant to 28 U.S.C. § 1915(e)(2)(B)
or Summary Action Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
September 25, 2008
Before: BARRY, CHAGARES and STAPLETON, Circuit Judges

(Opinion filed November 17, 2008)
_____

OPINION
_____

PER CURIAM

1

George Joseph appeals the District Court's February 29, 2008, order granting appellees' motion for summary judgment. The procedural history of this case and the details of Joseph's claims are well known to the parties, set forth in the District Court's orders, and need not be discussed at length. In his complaint, Joseph alleged that before he was transferred to Monroe County Correctional Facility (MCCF) from prison in New York, he had been scheduled for an operation on his wrist and a colonoscopy. He further asserted that he was taking several medications. When he arrived at MCCF, he was told that the procedures would not be scheduled and when some of his medications ran out, they would not be refilled. He also contended that a nurse administrator initiated the discontinuance of his pain medication (Darvocet). Appellees filed a motion for summary judgment, and Joseph failed to file a response despite being given several extensions of time to do so. After the District Court granted appellees' motion for summary judgment, Joseph filed a timely notice of appeal.

We have jurisdiction under 28 U.S.C. § 1291 and exercise plenary review over the District Court's order granting appellees' motion for summary judgment. Gallo v. City of Philadelphia, 161 F.3d 217, 221 (3d Cir. 1998). A grant of summary judgment will be affirmed if our review reveals that "there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). We review the facts in a light most favorable to the party against whom summary judgment was entered. See Coolspring Stone Supply, Inc. v. American States Life Ins.

Co., 10 F.3d 144, 146 (3d Cir. 1993).

In their summary judgment motion, filed in July 2007, appellees argued that Joseph had not shown that he suffered from a serious medical need or that appellees had been deliberately indifferent. They noted that he had been treated for his medical conditions and had refused treatment on several occasions. Appellees asserted that Joseph had been seen by the medical department twenty-three times in nine months, was seen by outside specialists, and received medications and a special diet for his Crohn's disease. Appellees explained that Joseph's prescription for Darvocet was discontinued because he had complained that it increased his bowel movements. Appellees submitted Joseph's medical records in support of these assertions.

Joseph did not respond to or dispute any of appellees' statements despite being given extensions of time for seven months until February 2008. Joseph conceded that he received a copy of his medical records from appellee in November 2006. Moreover, he received a copy of appellees' motion for summary judgment which contained additional medical records. Without specifying what he believed was missing, Joseph contended that the records were incomplete. He further asserted that the law library at his facility did not have the legal materials he needed to respond to summary judgment. However, he did not explain why he could not respond to appellees' factual contentions describing the medical care he had received.

Joseph has submitted no evidence demonstrating that he has a serious medical

3

need that has not been addressed by the medical staff at MCCF. Although Joseph claimed to have shown jail personnel medical records indicating that he had carpal tunnel syndrome, he did not submit these documents to the District Court. As for his pain medication, according to the medical records submitted by appellees, Joseph was prescribed Darvocet in August 2006 but it was discontinued on October 3, 2006, because it gave him diarrhea.[1] It was noted in the medical records that on several occasions Joseph refused to be evaluated or take his medication.

We agree with the District Court that appellees were entitled to summary judgment on Joseph's claims. Summary action is appropriate if there is no substantial question presented in the appeal. See Third Circuit LAR 27.4. For the above reasons, as well as those set forth by the District Court, we will summarily affirm the District Court's order. See Third Circuit I.O.P. 10.6.

---

[1] It appears that Darvocet was prescribed again in March 2007.